## TORTS

## CIVIL LIABILITY OF SHOPLIFTERS AND EMPLOYEES WHO STEAL MERCHANDISE

May 27, 1994

*The Honorable Kenneth H. Masters*
*House of Delegates*

You have requested our opinion concerning the liability of shoplifters and employees who steal merchandise from merchants.[1] Specifically, you asked about statutory liability for compensatory damages and a civil penalty when two or more wrongdoers act in concert.

For the reasons stated below, we conclude that the wrongdoers would be jointly and severally responsible for compensatory damages but would be individually liable for the civil penalty.[2]

## I

## Analysis

In Chapter 582 (House Bill 686) of the Laws of Maryland 1991, the General Assembly made a person who commits or attempts to commit an act of shoplifting or employee theft civilly liable to the merchant for certain damages. Title 3, Subtitle 13 of the Courts and Judicial Proceedings ("CJ") Article, Maryland Code.[3] In

---

[1] For brevity's sake, we shall refer to these shoplifters and employee-thieves collectively as "wrongdoers."

[2] This opinion confirms advice previously given to you by letter dated February 10, 1994, from Assistant Attorney General Richard E. Israel.

[3] Criminal prosecution for theft is not a prerequisite to the maintenance of a cause of action under this statute. CJ §3-1306(a). Nor does this statute limit the merchant's pursuit of other remedies. CJ §3-

the case of a wrongdoer who is a minor, the "responsible person" would include the parents or guardian. CJ §§3-1301(f) and 3-1302.

A "responsible person" is civilly liable for returning the merchandise or paying the sales price; for paying other actual damages; and for paying a "civil penalty equal to twice the merchant's stated sales price for the merchandise, but not less than $50 nor more than $500." CJ §3-1302. If a merchant is seeking a civil penalty, two demand letters must be sent before suit is filed. CJ §§3-1303 and 3-1305.

The text of Chapter 582 does not address the issue whether wrongdoers who act in concert are jointly and severally responsible for the statutory damages and civil penalty or, instead, are individually liable. Moreover, the documented legislative history does not explain the Legislature's intent in this regard. *See, e.g.,* Report of Senate Committee on Judicial Proceedings on House Bill 686 (1991).

To resolve this issue, we turn to the law governing tort liability generally. We do so because the actions for which Chapter 582 establishes liability are unquestionably tortious. "[A]ny taking of the goods of another and converting them to the use of the taker or the use of someone to whom the taker has surrendered them, constitutes trover and conversion." Richard J. Gilbert and Paul T. Gilbert, *Maryland Tort Law Handbook* §9.0 (2d ed. 1992).

At common law, persons who act together to commit a civil wrong are jointly and severally liable for the damages, but the wronged party is entitled to only one satisfaction for the damages. *Lanasa v. Beggs*, 159 Md. 311, 319, 151 A. 21 (1930). This principle is preserved in the State's Uniform Contribution Among Tort-Feasors Act, Article 50, §§16 through 24 of the Maryland Code, which defines "joint tort-feasors" as "two or more persons jointly or severally liable in tort for the same injury to person or property ...." Article 50, §16(a). The primary purpose of the Uniform Act was to modify the common law to allow a right of contribution among tort-feasors. *See Montgomery County v. Valk Manufacturing Co.,* 317 Md. 185, 190, 562 A.2d 1246 (1989). The Uniform Act did not change the common law rule that a plaintiff is

---

[3] (...continued)
1307(2).

entitled to only one satisfaction for a tort. *Maryland Lumber Co. v. White*, 205 Md. 180, 107 A.2d 73 (1954).

The Uniform Act has been interpreted to apply the joint and several liability principle to compensatory damages only, not to punitive damages. "[T]he Act envisions joint tortfeasors sharing the responsibility for compensating an injured party for the harm that he or she suffered .... This, obviously, is the purpose of compensatory damages." *Owens-Illinois, Inc. v. Armstrong*, 326 Md. 107, 127, 604 A.2d 47, *cert. denied*, 113 S.Ct. 204 (1992). "In contrast," the Court of Appeals continued, "the award of punitive damages is not an attempt to compensate the injured party for the harm suffered, but rather is, as the name implies, punitive in nature." *Id.*

In the case of compensatory damages, the purpose is to make the plaintiff whole. Thus, any or all of the wrongdoers can be held liable, but only for the amount of actual damages. In the case of punitive damages, the purpose is to deter future egregious conduct. "[P]unitive damages are awarded, over and above full compensation, to punish the wrongdoer, to teach him not to repeat his wrongful conduct and to deter others from engaging in the same conduct." *Id.* (internal quotations and citations omitted). *See also Keene Corp. v. Levin*, 330 Md. 287, 293 n. 4, 623 A.2d 662 (1993); *Exxon Corp. v. Yarema*, 69 Md. App. 124, 137-38, 516 A.2d 990 (1986), *cert. denied*, 309 Md. 47 (1987). Thus, such damages are imposed on the basis of the individual conduct for which a wrongdoer is individually liable.

Chapter 582 provides a statutory remedy of damages for a tortious act, and so we believe that the courts would apply the Uniform Tort-Feasors Act when two or more wrongdoers act in concert. Under the Uniform Act, the wrongdoers would be jointly and severally liable for the compensatory damages, consisting of the price of the merchandise and other actual damages. The civil penalty, by contrast, is not meant to make the merchant whole but rather to punish the wrongdoers and to deter future shoplifting and employee theft. Because this penalty would be in the nature of punitive damages, liability would be individual, not joint and several.

## II

## Conclusion

In summary, it is our opinion that two or more wrongdoers who act in concert to steal merchandise are jointly and severally liable for compensatory damages under CJ §3-1302(1) and (2) but individually liable for the civil penalty under CJ §3-1302(3).

J. Joseph Curran, Jr.
*Attorney General*

Richard E. Israel
*Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
  *Opinions & Advice*